An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

CESAR ANTHONY GALINDO,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 60505

**FILED**

FEB 1 3 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a judgment of conviction, pursuant to a guilty plea, of driving and/or being in actual physical control while under the influence of intoxicating liquor. Eighth Judicial District Court, Clark County; Valorie J. Vega, Judge.

Appellant Cesar Anthony Galindo asserts that the DUI court abused its discretion by terminating him from the DUI court program and the district court abused its discretion by imposing sentence because he had only been in the serious offender program for a few days, the head of the program was aware he had access to a vehicle, and he had been sober for at least five months at the time of his arrest. Galindo further asserts that the district court abused its discretion at sentencing and imposed a sentence that constitutes cruel and unusual punishment. We disagree.

After Galindo pleaded guilty, the district court granted his application to undergo a treatment program pursuant to NRS 484C.340.

SUPREME COURT
OF
NEVADA

(O) 1947A

13-04709

At his first appearance before the DUI court,[1] Galindo was clearly advised that he could not drive any vehicle that was not equipped with a breath ignition interlock device and Galindo informed the court that there were no vehicles at his residence. Several days later, Galindo was observed driving a vehicle that was not equipped with a breath ignition interlock device. The DUI court terminated Galindo from the program for non-compliance. The district court subsequently sentenced Galindo to a prison term of 12-36 months.

We conclude that the DUI court judge did not abuse her discretion by terminating Galindo from the program for non-compliance and the district court judge did not abuse her discretion by imposing sentence. See NRS 484C.340(4)(b)(2) (advising that the court will enter a judgment of conviction if an offender fails to satisfactorily complete the treatment program); NRS 484C.340(6)(c) (in order to participate in the treatment program an offender may "[n]ot drive any vehicle unless it is equipped with a device"). We further conclude that the district court judge did not abuse her discretion at sentencing, see Houk v. State, 103 Nev. 659, 664, 747 P.2d 1376, 1379 (1987), and the sentence imposed does not constitute cruel and unusual punishment because the sentence is within the statutory limits, see NRS 484C.400(1)(c), and is not so

---

[1]The Honorable Kathleen Delaney presided over the DUI court proceedings.

disproportionate to the crime "as to shock the conscience," <u>Blume v. State</u>, 112 Nev. 472, 475, 915 P.2d 282, 284 (1996) (internal quotation marks omitted), and Galindo does not assert that the relevant statute is unconstitutional, <u>id.</u>, or that the district court relied on "impalpable or highly suspect evidence," <u>Silks v. State</u>, 92 Nev. 91, 94, 545 P.2d 1159, 1161 (1976). Therefore, we

ORDER the judgment of conviction AFFIRMED.

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Cherry

cc:   Hon. Valorie J. Vega, District Judge
      Hon. Kathleen Delaney, District Judge
      Mueller Hinds & Associates
      Attorney General/Carson City
      Clark County District Attorney
      Eighth District Court Clerk